IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACKIE DeWAYNE ANDREWS, #1004705 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv1020 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge K. Nicole Mitchell. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Mr. Andrews has filed objections. *See* Docket Entry #16.

Mr. Andrews states in his objections that his petition is titled as a "Motion to Alter or Amend Judgment According to F.R.C.P. 59(e)" and, as such, does not require permission from the Fifth Circuit for filing. *See* Objections at 1. Mr. Andrews then argues that he is actually innocent and that newly discovered evidence in this case necessitates a new trial. *See id.* at 4-5.

Mr. Andrews is challenging his Smith County capital murder conviction. He was convicted of capital murder on June 30, 2000 and received a sentence of life in prison. On appeal, his conviction was affirmed by the Twelfth Judicial District Court of Appeals on February 6, 2002. *See Andrews v. State*, 78 S.W.3d 13 (Tex.App.-Tyler 2002, pet. dism'd as untimely filed). He did not timely file a petition for discretionary review, although he apparently received an extension of time to do so.

1

Mr. Andrews' state habeas corpus petition was dismissed on April 30, 2003 for non-compliance with the Texas Rules of Appellate Procedure. Mr. Andrews filed a second state habeas petition on June 16, 2003, which was denied without written order on August 27, 2003.

Mr. Andrews has also filed three previous federal habeas petitions challenging this same conviction. Cause No. 6:03cv496 was dismissed with prejudice because of the expiration of the statute of limitations, and the Fifth Circuit affirmed this dismissal by denying Mr. Andrews a certificate of appealability. Mr. Andrews also appealed the denial of hearing in Cause No. 6:03cv496, and this denial was affirmed by the Fifth Circuit on September 14, 2010. *See Andrews v. Thaler*, slip op. no. 09-40847 (5th Cir., Sept. 14, 2010).

Cause No. 6:07cv307 was transferred to the Fifth Circuit to determine whether the petition was successive, and the circuit denied authorization for leave to file a successive petition. *See In re Andrews*, slip op. no. 07-40824 (5th Cir., November 6, 2007). Cause No. 6:12cv886 was dismissed without prejudice as successive on February 6, 2013. Mr. Andrews appealed, but the Fifth Circuit dismissed the appeal for want of prosecution. *See Andrews v. Director*, No. 6:12cv886, Docket Entry #20. Mr. Andrews then sought permission from the Fifth Circuit to file a successive petition. The Fifth Circuit denied this motion and issued a sanction warning that cautioned Mr. Andrews that "any future frivolous or repetitive filings will subject him to sanctions, including dismissal, monetary sanctions and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction". *See In re: Jackie Andrews*, No. 13-40412 (5th Cir. June 11, 2013).

In his present federal petition, the fourth one challenging this same conviction, Mr. Andrews references the *Brady* violation which he couples with an actual innocence claim and a newly

2

discovered evidence claim. In his previous petitions, he stated that an accomplice witness named Charles Miller testified at Mr. Andrews' trial that he, Miller, did not receive any promises in exchange for his testimony at Mr. Andrews' trial. Two years later, however, during the trial of a co-defendant named Hill, Miller testified that he did receive a deal in Mr. Andrews' trial in exchange for his testimony. Essentially, Mr. Andrews has been arguing and continues to argue that the State knowingly introduced at trial the perjured testimony of Charles Miller. This same *Brady* claim was raised in his previous federal habeas petition, Cause No. 6:03cv496. Mr. Andrews' claims of "actual innocence" and "newly discovered evidence" contained in the present petition also relate to the allegedly perjured testimony of Charles Miller. *See* Objections at 2-5.

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132) became law and made sweeping changes in the existing habeas corpus statutes. The new law amends 28 U.S.C. §2244 to read, in part, as follows:

> 28 U.S.C. §2244(b)(3). Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The present petition should be dismissed in light of 28 U.S.C. § 2244(b). This Court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has granted Mr. Andrews permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (where prisoner did not have permission to file a second or successive habeas petition, the district court lacked jurisdiction to entertain his claims). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838.

Even assuming a cognizable and exhausted claim, a post-judgment motion raising new grounds for habeas relief is considered a successive application under 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). As such, this Court lacks jurisdiction to hear the claim until Mr. Andrews seeks and is granted leave from the Fifth Circuit Court of Appeals to file a successive petition. 28 U.S.C. § 2244(b)(3).

The present case is successive. Mr. Andrews makes no showing that he has received permission from the Fifth Circuit to file a successive application for the writ of habeas corpus, and the Fifth Circuit's records do not indicate Mr. Andrews has received such permission. Until Mr. Andrews obtains leave to file a successive petition, the district court lacks jurisdiction to consider his claims. *See Crone,* 324 F.3d at 836. For this reason, his petition should be dismissed until leave to file a successive petition is granted by the Fifth Circuit.

Having considered and overruled Mr. Andrews' objections, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. It is therefore

**ORDERED** that the Report and Recommendation (docket entry #10) is **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of subject matter jurisdiction. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is further

**ORDERED** that the Clerk of Court shall return unfiled any new petitions for a writ of habeas corpus submitted by Mr. Andrews regarding his conviction unless he shows that he has received permission from the Fifth Circuit to file it.

4

It is further

**ORDERED** that Mr. Andrews' motion to accept his objections as timely (docket entry #15) is **GRANTED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Sep 2, 2016**

_____
Ron Clark, United States District Judge